# In the United States Court of Federal Claims

No. 18-1842C
(Filed under seal June 30, 2025)
(Reissued July 8, 2025)†

```
* * * * * * * * * * * * * * * * *
                                  *
                                  *
YONA-BRIXTEL, LLC,                *
                                  *
              Plaintiff,          *
                                  *
       v.                         *
                                  *
THE UNITED STATES,                *
                                  *
              Defendant,          *
                                  *
       and                        *
                                  *
PRIME SOURCE                      *
TECHNOLOGIES, LLC,                *
                                  *
              Defendant–Intervenor. *
                                  *
                                  *
* * * * * * * * * * * * * * * * *
```

  *Charlotte R. Rosen*, Odin, Feldman & Pittleman, P.C., of Reston, Va., for plaintiff.

  *Emma E. Bond*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, D.C., for defendant.

  *Eric S. Montalvo*, Federal Practice Group, of Washington, D.C., for defendant-intervenor Prime Source Technologies, LLC.

## ORDER

  This post-award bid protest concerns a contract awarded by the United States Department of State (agency) to intervenor Prime Source Technologies, LLC

---

† As no party has requested redactions, this order, originally filed under seal, is now reissued for publication with a couple of minor, typographical corrections.

(Prime Source), to provide information technology support services to the Lebanese Internal Security Forces.  Plaintiff Yona-Brixtel, LLC (Yona-Brixtel) has moved to complete or supplement the administrative record with documents concerning certain contract modifications executed since the award of the protested contract.  *See* Pl.'s Motion for Completion or Supplementation of the Admin. R. (Pl.'s Mot.), ECF No. 70.  Defendant and intervenor oppose the motion.  *See* Def.'s Opp'n to Pl.'s Mot. (Def.'s Opp'n), ECF Mo. 75; Def.-Int.'s Resp. to Pl.'s Mot. (Int.'s Opp'n), ECF No. 73.  As explained below, the Court finds that that the modification records at issue are neither core documents which should have been included in the record, nor are necessary for effective judicial review; thus, the motion to add materials to the administrative record is **DENIED**.

Among the protest grounds raised by plaintiff was the contention that the agency awarded the contract to Prime Source despite intervenor's failure to include all of the work requirements in its proposal due to its price assumptions.  Pl.'s Mot. at 4, 7; Mem. in Support of Pl.'s Mot. (Pl.'s Br.), ECF No. 70-1, at 4, 6–7, 9–10.  Because the five modifications were listed in a federal database as actions that did not involve change orders, but instead concerned the existing scope of work, *see* Pl.'s Mot. at 1–4, plaintiff speculates that the "modifications could very well be to just add money for RFP work that was supposed to be covered by [Prime Source's] price," *id.* at 4 (emphasis removed).

Plaintiff's primary argument is that records relating to these modifications are "core documents" from the administrative record, as these are defined in paragraph 22 of Appendix C (App. C) to the Rules of the United States Court of Federal Claims (RCFC).  *See* Pl.'s Br. at 1–9.  In particular, Yona-Brixtel maintains that they are "documents relating to any stay, suspension, or termination of award or performance pending resolution of the bid protest."  *Id.* at 1 (quoting RCFC App. C, ¶ 22(s)).  Yona-Brixtel relies on two decisions from a case of our court which seemed to interpret this paragraph to refer to documents about the actual performance of the contract being protested.  *See id.* at 2 (discussing *ARKRAY USA, Inc. v. United States*, No. 14-233C, 2014 WL 2905127 (Fed. Cl. June 26, 2014) and *ARKRAY USA, Inc. v. United States*, No. 14-233C, 2014 WL 2905151 (Fed. Cl. June 26, 2014)).  Plaintiff notes that relevant core documents have been found to "presumptively qualify for inclusion in the Administrative Record," *id.* (quoting *Dyncorp Int'l LLC v. United States*, 113 Fed. Cl. 298, 303 (2013)).  Yona-Brixtel argues that the administrative record is not complete absent these modification records.

The Court does not agree, for two basic reasons.  In the first place, "complet[ion of] the administrative record is appropriate when a plaintiff seeks to add 'information that was generated and considered by the agency' during the procurement but was omitted from the record filed with this Court."  *Insight Pub. Sector, Inc. v. United States*, 157 Fed. Cl. 398, 406 (2021) (quoting *Smith v. United*

*States*, 114 Fed. Cl. 691, 695 (2014)); *see also Tauri Grp. v. United States*, 99 Fed. Cl. 475, 480 (2011) (noting completion involves "documents created during the evaluation process"); *MORI Assocs. v. United States*, 98 Fed. Cl. 572, 575 (2011) (concerning "information . . . contained in the agency record"). These modifications, issued many months or years after the contract award decision that is being protested, quite obviously were not a part of the decision and their absence cannot in any sense make the administrative record incomplete.

Second, the Court does not agree with the interpretation of sub-paragraph 22(s) in the *ARKRAY USA* matter. Paragraph 22 concerns "[e]arly production of relevant core documents," which "may include, as appropriate," any from a long list of documents "relevant to a protest case." RCFC App. C, ¶ 22. The items identified in sub-paragraph 22(s) are already in existence at the time of filing, and relevant to bid protest cases, when the protest concerns the automatic stays of award under the Competition in Contracting Act (CICA), 31 U.S.C. § 3553. This language should not be read as referring to "any . . . performance pending resolution of the bid protest," but rather to "any ***stay, suspension, or termination*** of award or performance." RCFC App. C, ¶22(s) (emphasis added); *see, e.g.*, 31 U.S.C. § 3553(d)(3)(A)(i) ("the contracting officer may not authorize performance of the contract to begin while the protest is pending"), 3553(d)(3)(B) ("Performance and related activities suspended . . . by reason of a protest may not be resumed while the protest is pending."). Thus, documents relating to an override of the CICA stay or suspension of performance may be core documents for a protest of the override decision. *See Dyncorp Int'l*, 113 Fed. Cl. at 303. The modification records do not involve a stay, suspension, or termination, and thus are not embraced by sub-paragraph 22(s).

Plaintiff moves in the alternative for supplementation of the administrative record with this material. Pl.'s Mot. at 1. Because of the Supreme Court's apparent misreading of legislative history, *see Gulf Grp. v. United States*, 61 Fed. Cl. 338, 350 n.25 (2004), reviews of informal agency action such as bid protests are based on administrative records compiled by the agency whose decision is being challenged. Supplementation of this record is allowed "only if the existing record is insufficient to permit meaningful review." *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1381 (Fed. Cir. 2009). The circumstances in which supplementation may be permitted include:

> information relied upon but omitted from the paper record[,] . . . tacit knowledge possessed by offeror and agency personnel of a highly technical and complex nature[,] . . . information intentionally left out of the record, such as evidence of bias or bad faith[,] . . . [and] relevant information[] contained in the procurement files or generally known in an industry or discipline, which was inappropriately ignored by an agency.

*East West, Inc. v. United States*, 100 Fed. Cl. 53, 56–57 (2011) (internal citations and quotation marks omitted).

The modification records do not fall into any of these categories. Having been created many months or years after the procurement decision being challenged, they were not relied upon (nor inappropriately ignored) by the agency, nor are they technical explanations relating to the award decision. Plaintiff infers that these modifications "are likely for work related to RFP requirements that were relaxed for [Prime Source] and enforced against" it, Pl.'s Mot. at 5, but this type of "innuendo or suspicion" would not be sufficient to allow supplementation in the context of allegations of bias. *See Tech Sys. v. United States*, 97 Fed. Cl. 262, 265 (2011).

Plaintiff maintains that the modifications issued to Prime Source's contract are similar to the on-going discussions in *ARKRAY USA* over whether the awardee could meet the source requirements of a contract. Pl.'s Br. at 9–10. But while that case directly implicated the inability of an awardee to perform as promised, *see ARKRAY USA*, 2014 WL 2905127 at *5–6, modifications to a contract may be for many reasons, and the Court cannot find that modification records created many months or years after a decision have any bearing on the rationality of that decision. It is only in rare circumstances that documents detailing events occurring substantially after the challenged procurement decision would be a proper ground for supplementation, such as when a determination of misconduct resulting in a non-responsibility determination was based on a finding that had been reversed. *See NCL Logistics Co. v. United States*, 109 Fed. Cl. 596, 612 (2013). Simply put, these modifications were not a part of the evaluation process that resulted in the challenged award, and any reference to them in updates filed by the government and intervenor, *see* Pl.'s Reply to Def.'s and Int.'s Opp'ns, ECF No. 76, at 6–7, does not make them so. The inclusion of these documents is not necessary for effective judicial review. *See Axiom Res. Mgmt.*, 564 F.3d at 1379–80.

For the reasons stated above, the plaintiff's motion to complete or supplement the administrative record, ECF No. 70, is **DENIED.**

 **IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge
