# In the United States Court of Federal Claims

No. 18-1842C
(Filed October 29, 2026)
NOT FOR PUBLICATION

* * * * * * * * * * * * * * * * * *

**YONA-BRIXTEL, LLC,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant,

and

**PRIME SOURCE TECHNOLOGIES, LLC,**

Defendant–Intervenor.

* * * * * * * * * * * * * * * * * *

**ORDER**

The government has moved to partially dismiss this bid protest on the grounds that the contract at issue in the protest has been fully completed by the awardee. In that motion, defendant seeks to dismiss prayers for relief in the complaint, *see* Am. Compl., ECF No. 25, at 35–36, save those seeking bid preparation and proposal costs, *see Mitchco Int'l, Inc. v. United States*, 26 F.4th 1373, 1379 (Fed. Cir. 2022), contending that these claims are moot due to the completion of the disputed contract. Def.'s Not. of Full Contract Perf. and Closeout and Mot. for Partial Dismissal for Mootness (Def.'s Mot), ECF No. 83. Plaintiff agrees that its claims for injunctive relief (counts 1, 2, 8 and 9 from its prayer for relief), in which it sought an order barring performance of the disputed contract and requiring the government to conduct meaningful discussions with it, are moot. Pl.'s Opp'n to Def.'s Mot. (Pl.'s Resp), ECF No. 84. Plaintiff, however, contends that its

claims for declaratory relief, in which it asks the Court to find that the award was improper in various respects, are not moot because such a declaration is a necessary antecedent to an award of bid preparation and proposal costs in its favor. *Id.* at 1–11

In support of its claim, the government primarily relies on the decision in *Kingdomware Techs., Inc. v. United States*, 579 U.S. at 168–170 (2016), in which the Supreme Court observed that, because the underlying procurement had been completed, "declaratory relief would have no effect here with respect to the present procurements because the services have already been rendered." Def.'s Mot. at 4. In the context of *Kingdomware* this was of course true because the sole relief sought by the plaintiff, either effectuated by injunction or declaration, was the setting aside of the procurement at issue for veteran-owned small businesses. *Kingdomware*, 579 U.S. at 168–170. As the challenged procurement had been fully completed, any declaration would have afforded the plaintiff nothing in the context of that dispute.

In contrast, both parties in this case agree that plaintiff's request for bid preparation and proposal costs is not moot and that plaintiff can only receive such costs if the Court determines that plaintiff was prejudiced by an unlawfully or arbitrary conducted procurement. Accordingly, nothing about the declarations sought by plaintiff in its amended complaint is "academic" contrary to defendant's contentions. *See* Def.'s Mot. at 4 (quoting *PGBA, LLC v. United States*, 389 F.3d 1219, 1228 (Fed. Cir. 2004)). Rather, these constitute a necessary step, whether called declaratory relief or legal reasoning in a judicial opinion, if plaintiff is to prevail in its claim for bid preparation costs. *See A Squared Joint Venture v. United States*, No. 17-835C, 2019 WL 2591205, at *3 (Fed. Cl. June 24, 2019). Accordingly, the government's motion to partially dismiss the complaint is **GRANTED-IN-PART**, in so far as it seeks dismissal of the prayers for relief seeking injunctive relief --- counts 1, 2, 8 and 9 --- and otherwise **DENIED**.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge